Citation Nr: 1617301 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 14-02 318 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Atlanta Regional Office in Decatur, Georgia


THE ISSUE

Entitlement to service connection for a skin disability, to include as due to herbicide exposure. 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

D. Schechter, Counsel



INTRODUCTION

The Veteran served on active duty from November 1959 to December 1979.

This appeal comes before the Board of Veterans' Appeals (Board) from a February 2011 rating decision of the Department of Veterans Affairs (VA) Atlanta Regional Office (RO) in Decatur, Georgia.

When the issue was before the Board in June 2014 and again in January 2015, it was remanded for further development.

The record before the Board consists of electronic records within Virtual VA and the Veterans Benefits Management System (VBMS). 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 


REMAND

The Veteran contends that he is entitled to service connection for a skin disability because it is due to his exposure to Agent Orange while serving in Vietnam. 
He was afforded a VA examination in August 2014 to determine the etiology of his claimed skin disability. The examiner stated that because the Veteran was not found to have a current skin disorder, no opinion concerning the etiology of the claimed skin disability could be provided. The examiner diagnosed lichen planus by history only and provided no opinion concerning the etiology of the lichen planus. 
In January 2015, the Board determined that the August 2014 examination report was inadequate because the examiner failed to provide an opinion concerning the etiology of the lichen planus and failed to recognize that the Veteran was treated at least ten times during service for various skin problems. The Board remanded the appeal for an addendum opinion. Specifically, the Board directed that the examiner should identify each skin disorder that had been present at any time during the period of the claim and to provide an opinion with respect to each such disorder as to whether there is a 50 percent or better probability that the disorder began in service or is otherwise etiologically related to the Veteran's active service, to include exposure to Agent Orange. 
In December 2015, a different VA examiner prepared a report based on review of the record. Once again, unfortunately, the examiner failed to note the Veteran's documented history of treatment for skin conditions on at least 10 occasions in service, and failed to address the likelihood that a skin disability present during the period of the claim began in service or was causally related to service (not just whether it was related to Agent Orange exposure). 
The U. S. Court of Appeals for Veterans Claims has held that compliance with a remand is not discretionary and that failure to comply with the terms of a remand necessitates another remand for corrective action. Stegall v. West, 11 Vet. App. 268 (1998). 

Moreover, in light of the inadequate medical opinions of record and the fact that the Veteran has not been provided a VA examination in response to this claim since 2014, the Board has determined that the Veteran should be afforded a VA examination by a physician other than the August 2014 examiner and the author of the December 2015 opinion. 

Accordingly, the case is REMANDED to the RO or the Appeals Management Center (AMC) for the following actions:


1. The RO or the AMC should undertake appropriate development to obtain any outstanding records pertinent to the issue on appeal.

 2. Then, the RO or the AMC should afford the Veteran a VA examination to determine the nature and etiology of all skin disorders that have been present during the period of the claim (May 2010 to the present). The examination should be performed by a physician with sufficient expertise (other than the August 2014 examiner and the author of the December 2015 opinion). All pertinent evidence of record must be made available to and reviewed by the examiner. 
 
 The examiner should identify each skin disorder that has been present at any time during the period of the claim and provide an opinion with respect to each such disorder as to whether there is a 50 percent or better probability that the disorder began during service or is otherwise etiologically related to service, to include the Veteran's exposure to Agent Orange. 
 
For purposes of the opinions, the examiner should presume that the Veteran is a reliable historian.

The rationale for each opinion expressed must be provided. If the examiner is unable to provide any required opinion, he or she should explain why. 

3. The RO or the AMC also should undertake any other development it determines to be warranted. 

4. Then, the RO or the AMC should re-adjudicate the claim. If the benefit sought on appeal is not granted to the Veteran's satisfaction, he and his representative should be provided a supplemental statement of the case and the requisite opportunity to respond. The case should then be returned to the Board, if in order, for further appellate action.

By this remand, the Board intimates no opinion as to any final outcome warranted.

The Veteran need take no action until he is otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

As noted above, this appeal has been advanced on the Board's docket. It also must be handled in an expeditious manner by the RO or the AMC. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Shane A. Durkin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).